## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| **SHARON DONALDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 3:22-cv-50233** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NASCOTE INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Sharon Donaldon ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Nascote Industries, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant's failure to provide reasonable accommodations under the ADA, and also terminating Plaintiff's employment on the basis of her disability and in retaliation for her attempting to assert her rights under the ADA and IHRA.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.   This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3.      Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.      This Court has pendent jurisdiction and supplementary jurisdiction of Count IV through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

6.      A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of the receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.      At all times material to the allegations of this Complaint, Plaintiff, Sharon Donaldson, resides in Winnebago County in the State of Illinois.

9.      At all times material to the allegations in this Complaint, Defendant, Nascote Industries, Inc., is a corporation doing business in and for Boone County whose address is 675 Corporate Parkway, Belvidere, IL 61008.

10.      Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

11.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

2

## BACKGROUND FACTS

12.     Plaintiff was hired by Defendant in or around February, 2020.

13.     Plaintiff is "qualified individual" as defined under the ADA.

14.     On or around October, 2020, Plaintiff suffered from a medical emergency due to her disability and requested a reasonable accommodation from the Defendant.

15.     On or around November, 2020, Plaintiff provided Defendant with her medical notice which included a request for a reasonable accommodation to self-catheter.

16.     Defendant failed to provide Plaintiff with a reasonable accommodation to self-catheter, and retaliated against her by terminating her employment on or around February, 2021.

17.     In or around March, 2021, Plaintiff was rehired by the Defendant and immediately provided Defendant with her updated reasonable accommodation request for her disability.

18.     On or around November, 2021, Plaintiff requested a reasonable accommodation to Defendant's Human Resources representative, Ms. Sherry Callis, and advised her need to empty her catheter bag during her shifts on time to avoid further medical issues (catheter changes took approximately 5-10 minutes each time and required to be changed 3 times during a work-shift).

19.     Defendant ignored Plaintiff's pleads for a reasonable accommodation and told her to "get back to work."

20.     That same day, Defendant unlawfully terminated Plaintiff's employment.

21.     Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon her disability.

22.     Defendant failed to engage in the interactive process to determine whether a

3

reasonable accommodation was warranted.

23.     Defendant failed to provide a reasonable accommodation and terminated Plaintiff's employment based upon her disability.

24.     Plaintiff engaged in statutorily protected activity and then was terminated in retaliation for such protected activity.

25.     There is a causal connection between the activity and the adverse job action including but not limited to the close relation in time of the protected activity and termination.

26.     The purported justification for termination was pre-text for unlawful discrimination based on disability.

**COUNT I**
**Violation of Americans with Disabilities Act of 1990,**
**as amended, 42 U.S.C. § 12101 *et seq*.**
**Disability Discrimination**

27.     Plaintiff repeats and re-alleges paragraphs 1-26 above as though fully set forth herein.

28.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

29.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

30.     Plaintiff is a member of a protected class under the ADA, due to her disability.

31.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

32.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT II
**Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")**
**Disability Discrimination**

33.     Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

34.     This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

35.     Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

36.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff of the basis of her disability in violation of the IHRA.

37.     Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

38.     Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

39.     Defendant knew, or should have known of the unlawful discrimination.

40.     Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

5

41.    Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

42.    Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions.

43.    Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

## COUNT III
### Violations of the Americans with Disabilities Act
### Retaliation

44.    Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

45.    Defendant terminated Plaintiff's employment in retaliation for engaging in a protected activity in violation of the ADA.

46.    By virtue of the conduct alleged herein, Defendant intentionally retaliated against Plaintiff based on her disability, in violation of the ADA.

47.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

48.    Plaintiff is a member of a protected class under the ADA, due to her disability.

49.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

50.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and

has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")**
**Retaliation**

51.     Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

52.     This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

53.     Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

54.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and retaliated against Plaintiff of the basis of her disability in violation of the IHRA.

55.     Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

56.     Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

57.     Defendant knew, or should have known of the unlawful retaliation.

58.     Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

59.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

60.     Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and retaliatory actions.

61.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.     Back pay with interest;

b.     Payment of interest on all back pay recoverable;

c.     Front pay;

d.     Loss of benefits;

e.     Compensatory and punitive damages;

f.     Reasonable attorneys' fees and costs;

g.     Award pre-judgment interest if applicable; and

h.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 1st day of July, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*